UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CRETA MAY DANIEL, et al.,** ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **5:15-cv-00101-AKK** |
| **CULLMAN COUNTY COURT** ) | |
| **REFERRAL, LLC., et al.,** ) | |
| ) | |
|     Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

The court has for consideration Cullman County Court Referral, LLC ("CCCR"), Cynthia Keller, and Lisa Sharpton's ("Defendants") motion to stay or dismiss the underlying suit, or in the alternative, for a more definite statement, doc. 7, which is fully briefed and ripe for review, docs. 13, 14, 15. Defendants contend, *inter alia*, that, pursuant to the abstention doctrine laid out in *Colorado River Water Conservation District, et al., v. United States, et al.*, considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" suggest that abstention is appropriate here. 424 U.S. 800, 817 (1976). The court agrees with Defendants and, in light of the parallel state case pending in the Circuit Court of Cullman County, *Jane Doe v.*

1

*Cynthia Keller, et al.*, CV-2014-900448 (Al. Cir. Ct. 2014) (hereinafter *Jane Doe*), dismisses this case without prejudice.

## I. Factual and Procedural Background

Plaintiffs' allegations are relatively straightforward. In a nutshell, Defendant Winfred Eugene Vance, a CCCR employee, subjected Plaintiffs, who are all criminal defendants undergoing mandatory drug and alcohol rehabilitation at CCCR, to sexual abuse, extortion, coercion, and other forms of misconduct. Docs. 1 at ¶¶ 23, 40-41; 7-1 at ¶¶ 27-31. Plaintiffs also allege that Defendants Lisa Sharpton and Cynthia Keller, owners of CCCR, knew about Vance's misconduct but failed to take preventative measures. Docs. 1 at ¶¶ 42-43, 48; 7-1 at ¶¶ 31-37. As a result, Plaintiffs filed a 19 count lawsuit in the Circuit Court of Cullman County on December 18, 2014, claiming that Defendants violated 42 U.S.C. § 1983, and committed state law torts, including negligence, assault, conspiracy, false imprisonment / malicious prosecution, negligent and intentional infliction of emotional distress, and corporate liability doctrine / non-delegable duty. *See* doc. 7-1. Approximately one month later, Plaintiffs filed a 19 count lawsuit in this court, in which they also claim Defendants violated 42 U.S.C. § 1983, and, generally, committed the same torts identified in the complaint filed in state court. *See* doc. 1.

## II. Analysis

Defendants contend that the court should dismiss this lawsuit because the circumstances surrounding these parallel lawsuits favor *Colorado River* abstention. *See* 424 U.S. at 817-27. "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal courts [because] federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Colorado River*, 424 U.S. at 817. Consequently, "federal courts can abstain to avoid duplicative litigation with state courts only in 'exceptional' circumstances." *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) (citing *Colorado River*, 424 U.S. at 817) (hereinafter "*Ambrosia Coal*"). Although there is no "bright-line test," the Eleventh Circuit has distilled six factors from *Colorado River* that courts should weigh to determine whether circumstances favor abstention: (1) whether one of the courts has assumed jurisdiction over property, (2) the relative inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights. *Ambrosia*, 368 F.3d at 1331. "No one factor is necessarily determinative . . . [and] [t]he weight to be given any one factor may

vary greatly from case to case. . . ." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983).

However, before addressing these factors, the court must make a threshold determination of whether these two proceedings are parallel. Specifically, the court must first ascertain whether the proceedings "involve substantially the same parties and substantially the same issues." *Ambrosia*, 368 F.3d at 1330. As to the first query, the court notes that the parties to the two lawsuits are slightly different.[1] Still, this discrepancy is not fatal to Defendants' motion because, if it were, "parties could avoid the doctrine of *Colorado River* by the simple expedient of naming additional parties." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988), *cited with approval in Ambrosia*, 368 F.3d at 1330. Next, with respect to the second query, the alleged facts underlying each lawsuit are virtually identical. *Compare* doc. 1 at 15-31 *with* doc. 7-1 at 4-8. Indeed, Plaintiffs raise § 1983 claims and state law tort claims in both lawsuits that are similar in scope and form, and the majority of their claims encompass the same or similar legal elements. *Compare* doc. 1 at 32-76 *with* doc. 7-1 at 8-30. Put simply,

---

[1] The federal lawsuit includes Whitney Bates and Jordan Wilson as additional Plaintiffs, and the state lawsuit includes "[a]ll other county drug courts within the boundaries of the state of Alabama" as additional defendants. *Compare* doc. doc. 1 at 1 *with* doc. 7-1 at 1. Otherwise, the two lawsuits share the same Plaintiffs and Defendants. *Id.*

Plaintiffs have filed the same lawsuit in state and federal court. For this reason, the two lawsuits are parallel for purposes of the *Colorado River* analysis.

The court turns now to the relevant *Colorado River* factors,[2] and, for the reasons listed below, finds that the circumstances surrounding this lawsuit favor abstention.

**1. The Circuit Court of Cullman County is the More Convenient Forum**

The convenience factor "focus[es] primarily on the physical proximity of the federal forum to the evidence and witnesses . . ." *Ambrosia*, 368 F.3d at 1332 (citing *Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 885 (11th Cir. 1990)). Defendants contend that the Circuit Court of Cullman County is a more convenient forum because it is geographically closer to witnesses and evidence, and that the number of parties to this lawsuit would result in significant expenses for the parties to litigate the matter in this court.[3] *See* doc. 7 at 9 (stating that "nearly all of the defendants and plaintiffs are domiciled in Cullman County [and] any third party witnesses are expected to reside in Cullman County."). Indeed, the relevant events occurred exclusively in Cullman, Alabama, which is

---

[2] Only five factors are relevant here. The first factor, i.e. whether one of the two courts has already assumed jurisdiction over property, *see Ambrosia*, 368 F.3d at 1320, is inapplicable because there are no property interests at stake in this litigation. *See, e.g. Maharaj v. Secretary for Dept. of Corrections*, 432 F.3d 1292, 1306 (11th Cir. 2005).

[3] Plaintiffs do not dispute this contention. *See* doc. 13.

approximately fifty miles from this court's seat in Birmingham, Alabama. *See* doc. 1 at 15-31; doc. 7-1 at 4-8. Although Cullman and Birmingham are linked by Interstate 65, there is a general lack of public transportation between the two cities that will adversely impact individuals who do not own an automobile. This fact, when paired with the financial costs and the time that litigants and witnesses would have to spend travelling to Birmingham, increases the relative inconvenience of litigating this matter here. Considering these circumstances holistically, the court finds that the Circuit Court of Cullman County, with its close proximity to the evidence, witnesses, and litigants, is clearly a more convenient forum.

### 2. Parallel Proceedings Will Result in Piecemeal Litigation

The piecemeal litigation factor "does not favor abstention unless the circumstances enveloping th[ese] cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Ambrosia*, 368 F.3d at 1333. In other words, parallel litigation that is "inevitably piecemeal[,]" – i.e. where parties operate under distinctive legal frameworks and must offer differing evidence and testimony – militate against abstention. *Jackson-Platts v. General Elec. Capital Corp.*, 727 F.3d 1127, 1142 (11th Cir. 2013). Conversely, parallel litigation with identical factual allegations in which plaintiffs assert virtually identical legal claims encompassing the same elements and burdens of proof favors abstention because the litigants and the court are exposed to unnecessary inconvenience,

6

expense, and the danger of needless duplication of effort. *See, e.g. Amason and Assocs. v. Columbus Land Development, LLC*, No. 7:12-cv-02459-JHE, 2014 WL 467509 *12 (N.D. Ala. Feb. 4, 2014); *see also Sides v. Simmons*, No. 7-cv-80347, 2007 WL 3344405 at *3 (S.D. Fla. Nov. 7, 2007); *Bosdorf v. Beach*, 79 F.Supp. 1337, 1344 (S.D. Fla. 1999); *Benetton Servs. Corp. v. Benedot, Inc.* 758 F. Supp. 685 (N.D. Ala. 1991). This is precisely the case here where the federal and state complaints share fourteen counts, *compare* doc. 1 at 32-76 *with* doc. 7-1 at 8-30, and parallel litigation would result in the danger of conflicting obligations that the *Colorado River* doctrine seeks to avoid. While there are five federal claims that are not included in the state lawsuit, they either share the same elements and standards of proof or can otherwise be fully adjudicated in state court.[4] *See generally Jefferson County v. Acker*, 210 F.3d 1317, 1318 n. 1 (11th Cir. 2000); *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. and Assoc.*, 743 F.2d 1519, 1524-25 (11th Cir. 1984). Moreover, prosecution of the parallel lawsuits would not be "inevitably piecemeal" in light of the absence of federal claims that would require different

---

[4] The federal claims that are not included in the state lawsuit are § 1983 claims for refusing or neglect to prevent, obstruction of justice and intimidating a party or witness, and conspiracy, § 1985 deprivation of rights or privileges, and a § 1988 claim for attorneys and expert fees. *Compare* doc. 1 at 32-76 *with* doc. 7-1 at 8-30. However, the issues that these causes of action raise can be fully adjudicated by the Cullman County Circuit Court because Plaintiffs raise claims in that lawsuit for negligence and gross negligence, negligent hiring, training, supervision and retention of employees, extortion, abuse of process, and conspiracy. *See* doc. 7-1 at 8-30.

types of "law, evidence, and testimony" than the claims in the state court proceeding. *See Jackson-Platts*, 727 F.3d at 1142. Consequently, because the two lawsuits are essentially identical, it is almost certain that any resolution of the state lawsuit will be dispositive of the federal lawsuit, leading to "wasteful, duplicative adjudication the abstention doctrine was created to prevent." *Allied Machinery Service, Inc., v. Caterpillar Inc.*, 841 F. Supp. 406, 408 (S. D. Fla. 1993). In short, the burdens of litigating both cases simultaneously outweigh any possible benefit. For that reason, the court finds that the potential for piecemeal litigation weighs in favor of abstention.

### 3. The Order of Filing and the Progress of the Respective Cases Tilts in Favor of Abstention

Although the temporal factor considers "the order in which jurisdiction was obtained by the concurrent forums[,]" *Colorado River*, 424 U.S. at 1247, it "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions[,]" *Moses H. Cone*, 460 U.S. at 21; *see also Ambrosia Coal*, 338 F.3d at 1333. Here, the Cullman County Circuit Court case, which Plaintiffs filed a month before this case, *see* docs. 1 at 1; 7-1 at 1, has progressed further than this case. Among other things, the parties in the state litigation have made pre-discovery filings, Plaintiffs have filed two amended complaints, and there are pending motions for a protective order, a stay of the proceedings, and to dismiss. *Jane Doe* at docs. 9, 33, 41-43, 52, 72, 73, 75,

8

81, 84 In contrast, this case has not made any significant progress and is currently stayed pending the outcome of Defendants' motion to dismiss. In fact, the parties cannot proceed to their Rule 26 meeting or commence discovery until after the court rules on this pending motion. As is evident, the state litigation is more developed than the federal litigation. Therefore, the temporal factor weighs in favor of abstention.

### 4. Both Federal and State Law Govern

The court next considers whether federal or state law applies. Although Defendants contend that "the federal court action involves at least nine claims that are controlled by Alabama state law," doc. 7 at 13, the court notes that the state claims do not involve "complex questions of state law that a state court might be best suited to resolve." *See Ambrosia*, 368 F.3d at 1334. Moreover, Plaintiffs also assert twelve federal claims that this court, like the state law claims, is equally well suited to adjudicate. Therefore, because the court extends a heavy bias in favor of exercising jurisdiction when weighing the *Colorado River* factors, *see id.* at 1332, the court finds that this factor weighs in favor of exercising jurisdiction.

### 5. Federal and State Courts can Adequately Protect the Parties' Rights

The final *Colorado River* factor "only weigh[s] in favor or against abstention when one of the fora is inadequate to protect a party's rights." *Id.* at 1333. As

Defendants concede, both the state and federal courts can adequately protect the parties' rights. Consequently, this factor is neutral.

### III. Conclusion

Although three of the five relevant *Colorado River* factors weigh in favor of abstention, the court is particularly persuaded by the fact that the events underlying the parallel lawsuits occurred in Cullman County, and the litigants and witnesses all purportedly reside there. Conversely, Plaintiffs have failed to indicate why the adjudication of an essentially identical lawsuit in a court that is fifty miles away from the evidence, witnesses, and litigants is necessary in light of the fact that the Circuit Court of Cullman County is fully competent to adjudicate this matter in its totality. For these reasons, the court abstains from exercising jurisdiction and **DISMISSES** this case **WITHOUT PREJUDICE**.

**DONE** the 8th day of June, 2015.

                                                 **ABDUL K. KALLON**
                                       UNITED STATES DISTRICT JUDGE